IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANCESCO R. SEBASTIANI, DMD, | § § § | |
| *Plaintiff,* | § § § | SA-20-CV-01093-OLG |
| vs. | § § § | |
| BEXAR COUNTY HOSPITAL DISTRICT, D/B/A UNIVERSITY HEALTH SYSTEM;  UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT SAN ANTONIO, DANIEL PEREZ, DDS, PETER LOOMER, DDS, WILLIAM L. HENRICH, M.D., | § § § § § § § § § | |
| *Defendants.* | § | |

**ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Motion to Compel and Extend Discovery Deadline [#75].  The motion was referred to the undersigned for disposition, and the Court held a hearing on the motion on August 1, 2023, at which counsel for all parties appeared via videoconference.  In the Court's order setting Plaintiff's motion for a hearing, the Court ordered the parties to confer on the dispute underlying the motion and to file a joint advisory with the Court, both confirming the completion of the ordered conference and apprising the Court of the remaining issues to address at the hearing.  The parties did not file the ordered advisory and did not meaningful confer on the issues before the Court as ordered.  In resolving the parties' dispute, the Court has considered the parties' responses to the motion [#76, #77], the arguments of counsel at the hearing, and the parties' failure to follow the Court's order regarding the pre-hearing conference.  For the reasons that follow, the Court will grant in part and deny in part Plaintiff's motion.

1

This case arises out of the termination of Plaintiff's residency in oral surgery at UT Health SA School of Dentistry.  Plaintiff alleges his termination violated his residency contract, state whistleblower protection laws, and various federal anti-discrimination statutes.  Plaintiff asserts claims against Bexar County Hospital District d/b/a University Health System ("UHS") and the UT Health Science Center at San Antonio, as well as individual doctors employed by UT Health ("UT Health Defendants").  By his motion, Plaintiff asks the Court to compel more complete responses to written discovery from the UT Health Defendants and for an extension of the discovery deadline to allow for eight depositions of former and current employees and residents of UT Health.

**Written Discovery.**  The Court will deny Plaintiff's motion to compel as to the written discovery.  Local Rule CV-7(G) states that the court "may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement."  The UT Health Defendants' written response to the motion states that Plaintiff and Defendants did not engage in any conference on the motion prior to its filing.  The parties also did not meaningfully confer prior to the hearing as ordered by the Court.  This Court does not entertain discovery disputes where the parties fail to abide by the Court's Local Rules and orders of the Court.

**Depositions.**  The Court will grant Plaintiff's request for an extension of the discovery deadline until September 30, 2023, for the limited purpose of conducting additional depositions.  Plaintiff's request is governed by a good cause standard.  *See* Fed. R. Civ. P. 16(b)(4).  To meet the good cause standard, the moving party must show that, despite its diligence, it could not reasonably have met the scheduling order deadline.  *See S & W Enters., L.L.C. v. SouthTrust*

*Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). Although Plaintiff's counsel could have been more diligent in pursuing the desired depositions earlier in the discovery period, the desired depositions are for key witnesses in this case. Additionally, the record reflects that all parties commenced discovery quite late and that the District Court recently granted the parties' joint motion to extend the other remaining scheduling order deadlines and the trial date. Dispositive motions are now due November 10, 2023. Thus, a minimal extension of the discovery deadline for the purpose of completing depositions will not affect the remaining schedule in this case.

Plaintiff's motion addresses the depositions of Dr. Kang, Dr. Perez, Dr. Kemenich, Dr. Edward Ellis, Ms. Stone, Dr. Brown, Dr. Hernandez, and Dr. Szalay. At the hearing, Plaintiff's counsel relayed that Dr. Kang's deposition has already occurred. Counsel for the UT Health Defendants clarified that Drs. Brown, Hernandez, and Szalay completed their residencies with UT Health in July of 2020, live out of state, and are no longer employees or students of UT Health or in its custody or control. Plaintiff is in possession of contact information for these individuals or can easily obtain it from public sources. Accordingly, Plaintiff may subpoena these witnesses to secure their depositions on or before September 30, 2023. (The Court will only entertain motions related to securing compliance with subpoenas by these witnesses if the subpoenas are properly served and Plaintiff files any motion prior to September 30, 2023.) Counsel confirmed that Drs. Perez, Kempenich, and Ellis are current employees of UT Health and therefore in its custody and control for purposes of scheduling the depositions. Plaintiff and the UT Health Defendants shall coordinate these depositions to occur on or before September 30, 2023. Finally, counsel for the UT Health Defendants agreed to coordinate Ms. Stone's deposition, even though she is no longer employed by UT Health. If the parties are unsuccessful in coordinating this deposition, counsel for the UT Health Defendants shall provide Plaintiff with

the most recent contact information for Ms. Stone on or before August 7, 2023, so that Plaintiff may serve her with a subpoena to appear for her deposition.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel and Extend Discovery Deadline [#75] is **GRANTED IN PART** as follows:  The discovery deadline is **EXTENDED** to **September 30, 2023**, for the limited purpose of the depositions of the seven individuals identified in this Order.  No other new discovery is permitted to occur except by agreement of the parties.

**IT IS FURTHER ORDERED** that in all other respects Plaintiff's Motion is **DENIED**.

SIGNED this 2nd day of August, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE