UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANCESCO R. SEBASTIANI, DMD, | § § | |
| *Plaintiff*, | § § | |
| v. | § § § | CIVIL ACTION NO. 5:20-cv-01093-OLG |
| | § | |
| BEXAR COUNTY HOSPITAL DISTRICT, et.al., | § § | |
| *Defendants*. | § | |

### DEFENDANT UT HEALTH'S RESPONSE IN OPPOSITION TO PLAINTIFF'S TRIAL BRIEF ON CONFIDENTIAL MEDIATION COMMUNICATIONS

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant University of Texas Health Science Center at San Antonio ("UT Health") hereby files this Response in Opposition to Plaintiff's Trial Brief on Confidential Mediation Communications. In support thereof, UT Health respectfully offers the following:

**I.**

**A. Plaintiff's contention on the admissibility of statements allegedly made by UT Health at mediation is meritless and violates Federal Rule of Evidence 408.**

Upon the conclusion of opening statements at trial on April 9, 2024, Plaintiff's attorney, Ricardo Cedillo, proceeded to divulge—*in open court*—alleged statements made by UT Health at a confidential mediation between the parties that occurred on March 8, 2024. Cedillo argued that the first sentence of UT Health's opening statement "opened the door" to his breach of the mediation privilege because of its inconsistency with supposed representations from UT Health that he alleged were communicated to him by mediator, Judge John J. Specia, Jr., at the March 8

mediation. Plaintiff's argument through counsel in open court (and now through their trial brief before the Court) is plainly wrong and a blatant violation of Federal Rule of Evidence 408. Under Rule 408(a):

> Evidence of the following *is not admissible*—on behalf of any party—*either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction*:
>
> (1) furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim[.]

FED. R. EVID. 408(a) (emphasis added). Moreover, "[t]here is ample support for the proposition that the mediation process should be treated—as are other settlement mechanisms—as confidential." *Smith v. Smith*, 154 F.R.D. 661, 673 n.16 (N.D. Tex. 1994). In fact,

> [i]t is said that confidentiality should be recognized as a fundamental aspect of mediation, that [r]ules compromising such confidentiality will ultimately compromise the integrity of mediation, and even the integrity of responsible mediators, and that the guarantee of confidentiality in mediation is crucial if mediation is to meet its high expectations[.]

*Id.* (cleaned up).

It is *blackletter law* that a party may not seek to admit evidence of alleged mediation negotiations for the purpose of proving or disproving a disputed claim or using such negotiations for impeachment by a prior inconsistent statement. Undeterred, Plaintiff brazenly attempts to do exactly that. In his brief, Plaintiff claims that UT Health's reference in its opening statement to having a "duty to protect the community . . . opened to [sic] the door to the admissibility of evidence establishing that [UT Health] made statements" at mediation that were inconsistent with the representation it made in its opening statement. ECF No. 186 at 1–2. Plaintiff's argument—in its brief and in *open* court—is the textbook definition of inadmissible evidence under Rule 408. As such, the Court should deny Plaintiff's shameless bid to erode Rule 408's prohibition against

the admission of confidential mediation communications when it asks the Court for its stamp of approval for "illicit[ing] [sic] testimony from witnesses and admit[ting] evidence at trial" of statements it alleges UT Health made at mediation that were inconsistent with its opening statement at trial.

**B. Rule 408's "Another Purpose" exception does not apply in this case.**

Plaintiff's claim that he is entitled to Rule 408's "another purpose" exception to the inadmissibility of confidential mediation communications is absurd. Although Rule 408(a) generally prohibits the use of confidential mediation communications, subsection (b) provides a narrow exception to that prohibition: "The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." FED. R. EVID. 408(b).

Here, Plaintiff does not argue that his inappropriate divulging of alleged mediation communications in open court (and his attempt to do the same in front of a jury) is directed towards proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution. He well knows that none of those purposes apply to this case. Instead, Plaintiff births his own exception to Rule 408's prohibition—unsupported by any on point caselaw—and argues that UT Health's alleged statements made at mediation should be admitted into evidence at trial "for the purposes of "proving [UT Health's] motive and establishing that [UT Health's]" alleged position at the time of mediation differed from its position at trial concerning Plaintiff's claims. ECF No. 186 at 5. No matter how hard (not very) Plaintiff tries to rebrand his obviously subversive attempt at dismantling Rule 408, he cannot escape his own true intent—to take an alleged statement or consideration communicated to him at a confidential mediation by Judge Specia and admit that alleged statement at trial for the purpose

3

of impeachment using a prior inconsistent statement and proving or disproving the validity of his disputed claims.[1] Rule 408 *expressly prohibits* such use of confidential mediation communications between parties. Accordingly, the Court should deny Plaintiff's request that it admit those alleged communications at trial.

**C. Plaintiff's attempted use of confidential mediation statements at trial amount to inadmissible hearsay.**

Finally, the alleged UT Health statements at mediation that Plaintiff seeks to enter into evidence amount to inadmissible hearsay. "Hearsay is not admissible unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court." FED. R. EVID. 802. "Hearsay means a statement that . . . (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801(c).

In this instance, the alleged mediation communications Plaintiff seeks to admit into evidence at trial would have been communicated to Plaintiff's counsel by Judge Specia, the mediator used by the parties at the March 8 mediation. Consequently, the statements Plaintiff ascribes directly to UT Health were—in reality—statements made by Judge Specia. Were Plaintiff to use such statements at trial, Plaintiff would effectively be offering Judge Specia's statements to Plaintiff at the March 8 mediation for the truth of the matter asserted in those statements. It can only be said that Plaintiff is now asking the Court to permit him to offer inadmissible hearsay as a basis to offer inadmissible evidence at trial. Needless to say, the Court should not allow Plaintiff to also flout Rule 802's bar against the admission of hearsay as evidence.

---

[1] Worse, Plaintiff seeks to disregard Rule 408 based on his allegation that UT said it would *consider* reinstatement. But Plaintiff also laments that UT Health did not actually present him with a counteroffer. So, Plaintiff seeks to discard the established wisdom of Rule 408 based on a settlement proposal that UT Health neither made nor accepted.

4

## CONCLUSION

For the foregoing reasons, Defendant University of Texas Health Science Center at San Antonio asks the Court to deny Plaintiff's request to admit confidential mediation communications into evidence at trial, as any such communications would be offered for a purpose explicitly prohibited under Federal Rules of Evidence 408(a) and 802.

Dated: April 12, 2024

Respectfully submitted,

**KEN PAXTON**
ATTORNEY GENERAL

**BRENT WEBSTER**
FIRST ASSISTANT ATTORNEY GENERAL

**JAMES LLOYD**
DEPUTY ATTORNEY GENERAL FOR CIVIL LITIGATION

**KIMBERLY GDULA**
DIVISION CHIEF, GENERAL LITIGATION DIVISION

*/s/John Ramsey*
JOHN RAMSEY
Assistant Attorney General
State Bar No. 24051227
Office of the Attorney General
General Litigation Division -019
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120/Fax (512) 320-0667
john.ramsey@oag.texas.gov

EVAN WELTGE
Assistant Attorney General
State Bar No. 24110523
Office of the Attorney General
General Litigation Division -019
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120/Fax (512) 320-0667
evan.weltge@oag.texas.gov

5

ANTHONY DOLCEFINO
Assistant Attorney General
State Bar No. 24134406
Office of the Attorney General
General Litigation Division -019
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120/Fax (512) 320-0667
anthony.dolcefino@oag.texas.gov

**Counsel for Defendant**
*The University of Texas Health Science Center*

# CERTIFICATE OF SERVICE

On April 12, 2024, the undersigned attorney filed the foregoing document with the Clerk of the Court for the Western District of Texas and served a copy of the foregoing to all counsel of record in compliance with the Federal Rules of Civil Procedure.

| | |
|---|---|
| John H. Crouch, IV<br>KILGORE & KILGORE, PLLC<br>3141 Hood Street, Suite 500<br>Dallas, TX 75219<br>(214) 969-9099 - Telephone<br>(214) 379-0844 - Fax<br>jhc@kilgorelaw.com<br>ATTORNEY FOR PLAINTIFF | Laura A. Cavaretta<br>Erin R. McNiece<br>CAVARETTA, KATONA & LEIGHNER PLLC<br>One Riverwalk Place<br>700 N. St. Mary's Street, Suite 1500<br>San Antonio, Tx 78205<br>(210) 588-2901 -Telephone<br>(210) 588-2908 - Fax<br>cavarettal@ckl-lawyers.com<br>mcniecee@ckl-lawyers.com<br>ATTORNEYS FOR DEFENDANT,<br>BEXAR COUNTY HOSPITAL DISTRICT d/b/a UNIVERSITY HEALTH SYSTEM |

*/s/John Ramsey*
JOHN RAMSEY
Assistant Attorney General